IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GREGORY W. COURTNEY**                                                                      **PLAINTIFF**

vs.                                                              CIVIL ACTION NO. 3:22−cv−00517-CWR-LGI

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**         **DEFENDANTS**

### COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW Plaintiff, Gregory W. Courtney, by and through counsel, and files this civil action against Massachusetts Mutual Life Insurance Company (hereinafter "Mutual Life") and The Lincoln National Life Insurance Company (hereinafter "Lincoln National"), for the purpose of obtaining relief from Defendants' refusal to pay disability benefits due under an employee benefits plan under ERISA and for Defendants' other violations of the Employee Retirement Security Act of 1974. Plaintiff would further show unto the Court the following, to wit:

### JURISDICTION AND VENUE

1. This action is brought for wrongful denial of disability benefits pursuant to ERISA 502(a)(1)(A), 29 U.S.C. 1132(a)(1)(A).

2. This Court has original subject-matter jurisdiction of this civil action, which arises under the ERISA laws of the United States.

3. This Court has personal jurisdiction over the Defendants because they do business in the State of Mississippi.

1

4.    Venue in this Court is proper under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b)(2), as a "substantial part of the events or omissions giving rise to the claim(s) occurred" in this district.

5.    Gregory W. Courtney has first timely appealed Lincoln National's denial of his life insurance benefits through a letter on January 20, 2022.

6.    On May 31, 2022, Lincoln National issued its denial of Mr. Courtney's appeal, informing him that he has exhausted all administrative rights of appeal and advising him of his right to bring civil action under Section 502(a) of ERISA.

7.    Mr. Courtney brings this action more than sixty (60) days after Defendants were provided written proof of loss and prior to three (3) years after the date when written proof of loss is required, in accordance with the policy.

## PARTIES

8.    Plaintiff Gregory W. Courtney is currently, and was at all relevant times, a resident of 16 Tutwiler Circle, Hattiesburg, Mississippi, 39402.

9.    Mutual Life is the party obligated to pay benefits and to determine eligibility for benefits under the group voluntary term life benefits plan that is the subject of this lawsuit, is an insurance company authorized to transact business of insurance in Mississippi, is the underwriter for Group Policy GD3-810-2537050-01/GF3-810-253705-01 and may be served through the Mississippi Insurance Department.

10.   Defendant Lincoln National is the party obligated to pay benefits and to determine eligibility for benefits under the group voluntary term life benefits plan that is the subject of this lawsuit, is an insurance company authorized to transact business of insurance in Mississippi, is the

underwriter for Group Policy GD3-810-2537050-01/GF3-810-253705-01 and may be served through the Mississippi Insurance Department.

## STATEMENT OF CLAIM

11.   On December 16, 2020, Mr. Courtney was hired by Massachusetts Mutual Insurance.

12.   Mr. Courtney was a beneficiary under the ERISA group voluntary term life benefits plan GD3-810-2537050-01/GF3-810-253705-01 maintained by Lincoln National, which became effective on September 1, 2007, and was administered by Lincoln National.

13.   Mr. Courtney had a stroke on June 2, 2021.

14.   On July 1, 2021, Mr. Courtney was approved for Short-Term Disability benefits ("STD Benefits") through December 1, 2021.

15.   On January 20, 2022, Mr. Courtney's application for LTD benefits was denied by Defendants, who claimed his "current disabling condition is considered a Pre-existing Condition and excluded under the policy." The Denial Letter is attached as **Exhibit 1**, as if fully incorporated herein.

16.   Defendants cite to their policy in the denial letter which reads:

*Pre-Existing Condition Exclusion(s)*

*This policy will not cover any Disability or Partial Disability:*

1. *which is caused or contributed to by, or results from a Pre-existing Condition; and*
2. *which begins in the first 12 months prior to the Covered Person's Effective Date.*

*"Pre-Existing Condition" means a condition resulting from an Injury or Sickness for which the Covered Person is diagnosed or received Treatment within 12 months prior to the Covered Person's Effective Date.*

*"Treatment" means consultation, care or services provided by a Physician*

> *including diagnostic measures and taking prescribed drugs or medicine.*

17. Defendant's denied Mr. Courtney's claim because he had previously been diagnosed with congestive heart failure ("CHF") and ventricular tachycardia ("VT") between December 16, 2019 and December 15, 2020.

18. Mr. Courtney had his stroke on June 2, 2021. While he had been previously diagnosed with CHF and VT, Mr. Courtney presented documentation from his doctor stating that the stroke was caused by atrial fibrillation, which was caused by pneumonia.

19. On May 31, 2022, Defendants sent a letter denying Mr. Courtney's appeal. The Letter Denying the Appeal is attached as **Exhibit 2**, as if fully incorporated herein. In that letter Defendants state:

> Based on a review of the documentation contained in your claim file, your effective date of LTD coverage was on December 16, 2020 and your disability vegan on June 2, 2921. Because your disability began within twelve months of your effective date of coverage, your claim is subject to an investigation to determine if your disability was caused by, contributed to by, or resulted from an injury or sickness for which you were diagnosed or received treatment within 12 months prior to your coverage, i.e., from December 16, 2019 through December 15, 2020.
>
> . . . .
>
> *[T]he conditions or diagnoses for which the claimant received treatment for during the time period of December 16, 2019, through December 15, 2020, caused, contributed to, or resulted in the conditions for which the claimant is now disabled.*

20. The entity that chose to deny benefits would pay any long term disability benefits out of its own funds.

21. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

22. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision making.

## CAUSE OF ACTION: WRONGFUL DENIAL OF LONG-TERM DISABILITY BENEFITS UNDER ERISA 502(a)(1)(A)

23. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 20 above as though specifically set forth herein and alleges that:

24. Under the terms of the plan, Defendants agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined in the plan.

25. Plaintiff is disabled under the terms of the plan.

26. Defendant failed to provide benefits due under the plan, and this denial of benefits to Plaintiff constitutes a breach of the plan.

27. The decision to deny benefits was wrong under the terms of the plan.

28. The decision to deny benefits and decision-making processes were arbitrary and capricious.

29. The decision to deny benefits was not supported by substantial evidence on the record.

30. The decision-making process did not comport with 29 U.S.C. §1133's requirements that any notice of denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant and must comport with the Department of Labor Regulations.

31. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. §1133 and 29 C.F.R. 2560.503-1.

32. The appellate procedures did not provide the Plaintiff a full and fair review.

33. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

34. The Defendants violated the fiduciary duties owed to the Plaintiff.

35. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the plan.

36. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the plan, plus interest and other damages, for a total amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant him the following relief in this case:

1. A finding in favor of Plaintiff and against Defendants;

2. Damages in the amount equal to the disability income benefits to which he was entitled through date of judgment for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post judgment interest;

4. An Order requiring the plan or appropriate plan fiduciary to pay continuing benefits in the future so long as the Plaintiff remains disabled under the terms of the plan;

5. Plaintiff's reasonable attorney's fees and costs; and

6. Such other relief as this Court deems just and proper.

Respectfully submitted this 6th day of September, 2022.

                Gregory W. Courtney

                By: /s/ Christopher J. Weldy
                CHRISTOPHER J. WELDY, MSB# 103995
                Attorney for Plaintiff

OF COUNSEL:

Weldy Law Firm, PLLC
1438 North State Street
Jackson, Mississippi 39202
T. 601-624-7460
F. 866-900-4850
Chris@WeldyLawFirm.com